# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

March 18, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD A. CARPER,**
**Claimant Below, Petitioner**

vs.)　No. 12-0939　(BOR Appeal No. 2046761)
(Claim No. 2002044959)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**SYCAMORE CREEK INDUSTRIES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard A. Carper, by Steven Thorne, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 12, 2012, in which the Board affirmed a December 12, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 28, 2011, decision denying Mr. Carper's request for authorization of the medications Percocet, diclofenac, and Zanaflex. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Carper was injured on January 21, 2002, when he hit a pothole in the course of his employment as a truck driver, and the claim was held compensable for cervical sprain/strain. Mr. Carper received pain management care from David Caraway, M.D., who noted that Mr. Carper's cervical spine MRI revealed degenerative changes and herniated nucleus pulposi at C3-4, C4-5, and C6-7. He diagnosed Mr. Carper with a cervical sprain and brachial radiculitis, and treated him with Percocet, diclofenac, and Zanaflex, among other medications. On February 22, 2011, Jerry Scott, M.D., performed an independent medical evaluation and found that Mr. Carper's current complaints are typical of those reflecting a degenerative condition. He further found that Mr. Carper's current treatment regimen appears generally directed at alleviating the symptoms associated with underlying degenerative changes. On June 28, 2011, the claims administrator denied Mr. Carper's request for authorization of the medications Percocet, diclofenac, and Zanaflex.

In its Order affirming the June 28, 2011, claims administrator's decision, the Office of Judges held that Mr. Carper has failed to demonstrate that the requested medications are medically related and reasonably required for the treatment of the compensable injury. Mr. Carper disputes this finding and asserts that the evidence of record demonstrates that the requested medications are necessary for the treatment of his compensable injury.

The Office of Judges noted that the only compensable diagnosis in the instant claim is cervical sprain/strain. The Office of Judges further noted that Percocet is a schedule II narcotic which, pursuant to West Virginia Code of State Rules § 85-20-53.14a (2006), should be prescribed for no longer than two weeks following the initial injury on an outpatient basis. The Office of Judges then found that because the compensable injury occurred in 2002, the treatment guideline has obviously been exceeded. The Office of Judges went on to find that diclofenac is used in the treatment of arthritis, which is not a compensable component of the claim. Finally, the Office of Judges found that Zanaflex is used to reduce muscle spasms associated with spinal trauma and noted that Dr. Scott found no objective signs of radiculopathy in his evaluation. The Office of Judges concluded that although West Virginia Code of State Rules § 85-20 (2006) provides for extraordinary cases which may require deviation from the treatment guidelines, Mr. Carper has failed to provide documentation sufficient to justify a deviation. The Board of Review reached the same reasoned conclusions in its decision of July 12, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 18, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II